[Cite as *In re J.N.*, 2015-Ohio-4464.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| In re: | : | Case No. 15AP-159 |
|---|---|---|
| | | (C.P.C. No. 13JU-16036) |
| J.N., | : | |
| | | (REGULAR CALENDAR) |
| Appellant. | : | |

D E C I S I O N

Rendered on October 27, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Katherine J. Press*, for appellee.

*Yeura R. Venters*, Public Defender, and *David L. Strait*, for appellant.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch.

KLATT, J.

{¶ 1} Defendant-appellant, J.N., appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, which, in part, classified him as a Tier II sex offender. For the following reasons, we affirm that judgment.

I. Factual and Procedural Background

{¶ 2} On November 25, 2013, a complaint was filed in the trial court alleging that J.N. was a delinquent minor[1] for committing an act of rape in violation of R.C. 2907.02(A)(2). J.N. originally denied the allegation but ultimately admitted to one count of attempted rape. A magistrate of the trial court accepted that admission and found J.N. to be a delinquent minor. As a result, on September 8, 2014, the magistrate placed J.N. on two years of probation and classified him as a Tier II sex offender pursuant to R.C.

---

[1] J.N. was born in 1996. He was 17 at the time of the complaint, but 16 when the alleged offense occurred.

2950.01(F).  J.N. objected to that classification, arguing that the sexual offender scheme is unconstitutional as applied to juveniles because it requires the juvenile court to retain jurisdiction over the juvenile even after he or she reached the age of 21.  The trial court rejected the argument and affirmed the magistrate's disposition.

## II.  The Appeal

{¶ 3}   J.N. appeals and assigns the following error:

> The Juvenile Court erred and deprived appellant of Due Process rights arising under the United States and Ohio Constitutions by imposing a punitive sanction that extends beyond the age jurisdiction of the Court.

{¶ 4}   J.N. argues in this assignment of error that the trial court could not classify him as a Tier II sex offender because the requirements of that classification would exceed the duration of the juvenile court jurisdiction over him.   This court has recently considered and rejected the very same argument in *In re D.M.D., Jr.*, 10th Dist. No. 14AP-289, 2015-Ohio-1134.[2] *See also In re M.C.*, 10th Dist. No. 12AP-618, 2013-Ohio-2109. Accordingly, in light of this court's previous resolution of this argument, we overrule J.N.'s assignment of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

DORRIAN and BRUNNER, JJ., concur.

---

[2] We note that a jurisdictional memorandum in *In re D.M.D., Jr.*, is currently pending before the Supreme Court of Ohio, Case No. 2015-0738.